LAW OFFICES OF EINWECHTER & HYATT
Michael Sweetman Bar No: 9534
Nina Tholl Bar No: 11686
59-780 Kapuhi Pl
Haleiwa, HI 96712
Telephone:    (808) 452-1390
Facsimile:    (808) 762-2928
mike@eandhlegal.com
nina.tholl@eandhlegal.com

Attorneys for Plaintiff

**Electronically Filed
FIRST CIRCUIT
1CCV-25-0000092
22-JAN-2025
05:09 PM
Dkt. 1 CMP**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ADAM MARQUES,<br><br>        Plaintiff,<br><br>v.<br><br>JOAQUIN IBARGUEN, JEAN MARTINCELLO, and DOES 1-20,<br><br>        Defendants. | Case No.<br><br>COMPLAINT |

## COMPLAINT

Plaintiff ADAM MARQUES, by and through his undersigned counsel, for a complaint against the above-named Defendants, alleges and avers as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff ADAM MARQUES ("Plaintiff"), at all relevant times, resided and was located in the state of Hawaii, County of Honolulu.

2. Defendant JOAQUIN IBARGUEN ("Ibarguen"), on information and belief, is a resident of the state of California,.

3. Defendant JEAN MARTINCELLO ("Martincello"), on information and belief, is a resident of the state of California.

**EXHIBIT 1**

4. DOES 1-20 are sued herein under fictitious names for the reason that their true names, identities and/or responsibilities to Plaintiff are currently unknown except that they were in some manner involved in the conduct alleged herein or somehow related to or in some other manner responsible for the damages alleged herein by way of their breach of contract, negligence, fraud, or fault. Said DOES 1-20 may include but are not limited to, individuals, and business entities, their principals, agents, and employees who have dealt with Defendants.

5. This Court has personal jurisdiction over Defendant Ibarguen pursuant to HRS § 634-35, because this case concerns tortious acts that Defendant Ibarguen committed within the state of Hawaii.

6. This Court has personal jurisdiction over Defendant Martincello pursuant to HRS § 634-35, because this case concerns tortious acts that Defendant Martincello committed within the state of Hawaii.

7. Pursuant to HRS § 603-21.5, this court has subject matter jurisdiction over the dispute to which this lawsuit pertains.

8. All material events related to this complaint occurred in the County of Honolulu in the State of Hawaii.

9. Venue is proper in the Circuit Court of the First Circuit, per HRS § 603-36.

## FACTUAL ALLEGATIONS

10. Plaintiff and his wife, Molly Marques ("Marques") are separated pending divorce. They have a daughter together, A.M. who is 7 years old.

11. Plaintiff is employed at a civilian defense contractor and works in the field of intelligence gathering and analysis. He maintains a high-level security clearance which is a requirement for his position.

12. Plaintiff and Marques have been separated since or about November 23, 2024, when Marques failed to return home with A.M. after a child's birthday party and eventually caused Plaintiff to be served with Temporary Restraining Order ("TRO") on November 26, 2024. The TRO hearing has been continued several times and as of the date of this filing it remains pending. Plaintiff contests all allegations contained in Marques' TRO Petition.

13. Plaintiff is a decorated U.S. Army veteran who was medically retired after sustaining life-altering injuries in combat. He has a Veterans Administration ("VA") Disability rating of 100%, and suffers from diminished vision, seizures, and other disabilities. Because of these disabilities, the VA paid for a remodel of the marital home to make it livable for a person with diminished vision and seizures. Modifications to the home included wider doorways, non-slip tiles, and special lighting designed to prevent seizures. The driveway was also updated to remove tripping hazards, and the layout of the bathroom was updated to make it easier for Plaintiff to navigate.

14. Once served with the TRO Plaintiff was forced to leave the marital home that had been adapted to his needs, and has been without a stable residence since November 26, 2025, while waiting for the TRO to be resolved. Plaintiff's estranged wife and minor child remain in the marital home.

15. On information and belief, after Plaintiff vacated the marital home, Defendants Ibarguen and Martincello each came to Hawaii and stayed with Marques in the marital home for several days, and were thus aware that despite the separation and TRO, Plaintiff continued to financially provide for his wife and daughter's needs.

16. On or about January 16, 2025, Defendant Ibarguen posted an advertisement on behalf of Marques on fundraising platform www.gofundme.com (the "Advertisement"). On information and belief, www.gofundme.com is a fundraising platform through which private individuals advertise for financial assistance from friends, relatives, and strangers. Ibarguen's advertisement, titled "Urgent Help for My Sister and Niece," contained the following narrative:

> **Help My Sister Fight for Justice and Protect Her Daughter**
>
> Dear Friends, Family, and Kindhearted Strangers,
>
> My sister is facing an unimaginable situation. She is a loving mother who has always prioritized the well-being of her daughter and is doing everything she can to protect herself and her daughter from an abusive relationship. She is now facing a legal battle that threatens their stability and future.

3

Because she has finally stood up to her husband**, he has taken extreme measures, freezing her out of any financial resources, leaving her and her daughter without the means to afford even the most basic necessities. This includes food, shelter, and daily essentials**. … We are reaching out for your help to cover: **… \*\*Daily necessities\*\*: Food, clothing, and other essentials for her and her daughter while they work toward financial independence.**

17. After Ibarguen posted the Advertisement on www.gofundme.com, both Defendant Ibarguen and Defendant Martincello posted links to the Advertisement on their social media accounts, including, without limitation, Facebook and Instagram. Marques also sent the link via text message to a large number of the couple's mutual friends and neighbors in their small North Shore community. The purpose of the widespread dissemination was to ensure the Advertisement was viewed by as many people as possible.

18. Since the Advertisement was initially created and published by Defendants, it has been shared myriad times on various platforms. As a result of the ubiquitous sharing of the Advertisement, it is difficult to know how many people have viewed the defamatory statement.

19. The Advertisement contained statements concerning Plaintiff that were patently false. Plaintiff has not frozen Marques out of any financial resources she would otherwise have access to. In fact, Plaintiff has continued paying more than $8,000 per month in family expenses since they have been separated. Examples of expenses Plaintiff has continued to pay include, without limitation, the mortgage on the marital home, all utility bills such as electric, water, solar, cellular phone, internet, property tax, homeowner's insurance, car insurance, extracurricular activities for their child, and other expenses including Marques' bi-weekly membership at a boutique fitness studio.

20. Plaintiff has remained committed to financial support of his family at great expense to himself. He is not able to afford to rent an apartment or stay at hotels and thus has been relying on the kindness of friends for accommodations since he was ousted from his home.

21. Both Defendants knew or should have known that the Advertisement contained statements concerning Plaintiff that were wholly false and defamatory at the time they created and disseminated the Advisement. Defendants knew Marques and her daughter had a place to live; specifically, the couple's marital home on Oahu's North Shore, as well as food and clothing – all

largely funded by Plaintiff. Defendants were further aware that Marques and A.M. have maintained their lifestyle since Marques' separation from Plaintiff. For example, Marques continues attending daily Pilates classes at the boutique "Heated Haleiwa" Studio and has evenings out with friends, all while working only part-time. Furthermore, A.M. attends extracurricular activities such as Brazilian Jiu Jitsu, Hip Hop Dance, and Hula, which Plaintiff gladly continues to pay for as these activities are in A.M.'s best interest.

22. Defendants Ibarguen and Martincello were also aware that while Marques and her daughter continued living in the marital home and were able to maintain their lifestyle, Plaintiff has been ousted from his home and has had to rely on friends for accommodations.

23. Plaintiff loves his daughter dearly. He schedules as many visits with her as the TRO will permit and has continued to provide for her physical, mental, and emotional needs as much as possible while being temporarily physically ousted from the family home.

24. Defendants' widespread dissemination of the defamatory Advertisement had an immediate and profoundly negative effect on Plaintiff's reputation and standing in the community. Whereas Plaintiff previously enjoyed a measure of privacy concerning the sensitive nature of his marital dispute, the Advertisement disseminated patently false information about Plaintiff to all of Plaintiff's community and nearly everyone in Plaintiff's life and compromised his reputation. Since the Advertisement was posted and disseminated, Plaintiff has been fielding phone calls, emails and text messages from concerned friends, neighbors, extended family members and professional colleagues with questions about the false allegations contained in the Advertisement.

**COUNT I: DEFAMATION**
**(Against Defendant Ibarguen)**

25. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

26. On or about January 16, 2025 and thereafter, Defendant Ibarguen made false and defamatory statements concerning Plaintiff.

27. Defendant Ibarguen published the false and defamatory statements to a third party in the Advertisement on www.gofundme.com.

28. The above-described publication was not privileged.

29. Defendant Ibarguen made and published the false and defamatory statements with actual malice, knowing the statements were false or with reckless disregard for their truth or falsity, or in the alternative, acted negligently in failing to ascertain the truth of the statement.

30. As an actual and proximate result of Defendant Ibarguen's conduct, Plaintiff suffered harm and is entitled to damages, including punitive damages, in an amount to be proven at trial.

**COUNT II: DEFAMATION**
**(Against Defendant Martincello)**

31. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

32. On or about January 16, 2025 and thereafter, Defendant Martincello made false and defamatory statements concerning Plaintiff.

33. Defendant Martincello published the false and defamatory statements to a third party by posting a link to the Advertisement on Facebook and other social media services, and by sending the link to multiple third parties via text message.

34. The above-described publication was not privileged.

35. Defendant Martincello made and published the false and defamatory statements with actual malice, knowing the statements were false or with reckless disregard for their truth or falsity, or in the alternative, acted negligently in failing to ascertain the truth of the statement.

36. As an actual and proximate result of Defendant Martincello's conduct, Plaintiff suffered harm and is entitled to damages, including punitive damages, in an amount to be proven at trial.

**COUNT III: FALSE LIGHT**
**(Against All Defendants)**

37. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

38. On or about January 16, 2025 and thereafter, Defendants gave publicity to a matter concerning Plaintiff which placed Plaintiff before the public in a false light; specifically, Defendant Ibarguen made false statements concerning Plaintiff in an Advertisement on www.gofundme.com, and he and Defendant Martincello published the false statements by posting links to the Advertisement on Facebook and other social media services, and by sending links to the Advertisement to friends, neighbors, and extended family members.

39. The false light in which the Plaintiff was placed would be highly offensive to a reasonable person and caused Plaintiff to be subjected to unreasonable and highly objectionable publicity that attributes to him characteristics, conduct, or beliefs that are false, thereby placing him before the public in a false light.

40. Defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiff would be placed.

41. As an actual and proximate result of Defendants' conduct, Plaintiff suffered harm and is entitled to damages, including punitive damages, in an amount to be proven at trial.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

42. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

43. Defendants' conduct, specifically making and disseminating false and defamatory statements concerning Plaintiff, was intentional and without justification, outrageous, and offensive to the conscience.

44. As a proximate result of the acts alleged above, Plaintiff has suffered extreme emotional distress, which includes without limitation: humiliation, mental anguish, anxiety, loss of sleep, difficulty concentrating while at work, and other adverse effects resulting in damages, to include punitive damages, in an amount to be proven at trial.

## COUNT V:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

45. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

46. A reasonably prudent person in the same situation and possessing the same knowledge as Defendants would have foreseen that someone in the Plaintiff's position would have suffered serious mental distress because of Defendants' actions alleged herein.

47. As an actual and proximate result of Defendants' conduct, Plaintiff suffered harm and is entitled to damages, including punitive damages, in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants, jointly and severally, as follows:

A. For general, special, compensatory, and consequential damages according to proof.
B. For punitive damages.
C. For injunctive relief ordering the public retraction of the defamatory statements.
D. For reasonable attorneys' fees and costs of suit incurred herein.
E. For pre-and-post-judgment interest.
F. And any other relief deemed just and equitable by the court.

Dated: Honolulu, Hawaii January 22, 2025.

LAW OFFICES OF EINWECHTER & HYATT

By: /s/ Nina Tholl
Nina Tholl
Michael Sweetman
Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ADAM MARQUES,<br><br>        Plaintiff,<br><br>v.<br><br>JOAQUIN IBARGUEN, JEAN MARTINCELLO, and DOES 1-20,<br><br>        Defendants. | Case No.<br><br>DEMAND FOR JURY TRIAL |

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable of right by a jury in this case pursuant to Rule 38 of the Hawaii Rules of Civil Procedure.

DATED: Honolulu, Hawaii January 22, 2025.

                              LAW OFFICES OF EINWECHTER & HYATT

                              By: /s/ Nina Tholl
                                    Nina Tholl
                                    Michael Sweetman
                                    Attorneys for Plaintiffs

| STATE OF HAWAI'I CIRCUIT COURT OF THE FIRST CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| **PLAINTIFF** <br> Adam Marques | **VS.**    **DEFENDANT(S)** <br> JOAQUIN IBARGUEN, JEAN MARTINCELLO, and DOES 1-20 | **Electronically Filed** <br> **FIRST CIRCUIT** <br> **1CCV-25-0000092** <br> **22-JAN-2025** <br> **05:09 PM** <br> **Dkt. 3 CMPS** |

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

Adam Marques care of Michael Sweetman, Law Offices of Einwechter & Hyatt LLP, 59-780 Kapuhi PL, Haleiwa, HI 96712 Attorney for Plaintiffs, 808-452-1390

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

Adam Marques care of Michael Sweetman, Law Offices of Einwechter & Hyatt LLP, 59-780 Kapuhi PL, Haleiwa, HI 96712 Attorney for Plaintiffs
_____ ,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http:/www.courts.state.hi.us | **Effective Date of 28-Oct-2019** <br> **Signed by: /s/ Patsy Nakamoto** <br> **Clerk, 1st Circuit, State of Hawai'i** |  |
|---|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.