IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ADAM MARQUES, | ) | 1:25-CV-00079-JAO-WRP |
| | ) | |
| Plaintiff, | ) | |
| | ) | RULE 16 SCHEDULING ORDER |
| vs. | ) | |
| | ) | |
| JOAQUIN IBARGUEN, JEAN MARTINCELLO, DOES 1-20, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### RULE 16 SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16 and LR 16.2, a scheduling conference was held on March 24, 2025, before the Honorable Wes Reber Porter, United States Magistrate Judge. Appearing telephonically at the conference were Andrew G. Burnett, Lindsay Nash McAneeley, and Jean Martincello *(pro se)*.

Pursuant to Fed. R. Civ. P. 16(e) and LR 16.3, the Court enters this scheduling conference order:

### TRIAL DATE:

**1.**     **JURY** trial in this matter will commence before the Honorable Jill A. Otake, United States District Judge on June 29, 2026, at 9:00 AM.

### AMENDING PLEADINGS:

**2.**     All motions to join additional parties or to amend the pleadings shall be filed by September 2, 2025.

### EXPERT WITNESSES:

3.  Each party shall make the disclosures regarding expert witnesses or other witnesses with specialized knowledge as required by Fed. R. Civ. P. 26(a)(2) according to the following schedule:

    a.  All plaintiffs shall comply by October 20, 2025.

    b.  All defendants shall comply by December 19, 2025.

Rebuttal disclosures to a witness identified by another party pursuant to subparagraphs a and b hereinabove shall occur within thirty (30) days after the disclosure by the other party.

**DISCOVERY:**

4.  Unless and until otherwise ordered by the Court, the parties shall follow the discovery plan agreed to by the parties herein pursuant to Fed. R. Civ. P. 26(f).

5a.  Pursuant to Fed. R. Civ. P. 16(b)(3) and LR 16.2(a)(6), the discovery deadline shall be January 30, 2026. Unless otherwise permitted by the Court, all discovery pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive must be completed by the discovery deadline.

  b.  Unless otherwise permitted by the Court, all discovery motions and conferences made or requested pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive of LR 26.1, 26.2, and 37.1 shall be filed no later than December 31, 2025.

**MOTIONS:**

6.  Dispositive motions shall be filed by January 30, 2026.

7.  All other non-dispositive motions including any motion requiring an evidentiary hearing (including *Daubert* motions) shall be filed by March 31, 2026. This deadline does not include motions in limine or discovery motions.

**8.** Motions in limine shall be filed by June 1, 2026.

Any opposition memorandum to a motion in limine shall be filed by June 8, 2026.

**SETTLEMENT:**

**9.** A settlement conference shall be held on March 3, 2026, at 1:00 PM by Video Conference (VTC) before the Honorable Wes Reber Porter, United States Magistrate Judge.

**10.** Each party shall deliver to the presiding Magistrate Judge a confidential settlement conference statement by February 24, 2026. The parties are directed to LR l 6.5(b) for the requirements of the confidential settlement conference statement.

**11.** The parties shall exchange written settlement offers and meet and confer to discuss settlement before the date on which settlement conference statements are due.

**TRIAL AND FINAL PRETRIAL:**

**12.** A Telephonic final pretrial conference shall be held on May 18, 2026, at 10:00 AM before the Honorable Wes Reber Porter, United States Magistrate Judge.

**13.** Pursuant to LR 16.4, each party herein shall serve and file a separate final pretrial statement by May 11, 2026.

**14.** By June 1, 2026, the parties shall pre-mark for identification all exhibits and shall exchange or, when appropriate, make available for inspection all exhibits to be offered, other than for impeachment or rebuttal, and all demonstrative aids to be used at trial.

**15.** By June 8, 2026, each party shall serve and file a final comprehensive witness list indicating the identity of each witness that the party will call at trial and describing concisely the substance of the testimony to be given and the estimated time required for the testimony of the witness on direct examination.

**16.** The parties shall make arrangements to schedule the attendance of witnesses at

trial so that the case can proceed with all due expedition and without any unnecessary delay.

**17.** The party presenting evidence at trial shall give notice to the other party the day before of the names of the witnesses who will be called to testify the next day and the order in which the witnesses will be called.

**18.** The parties shall meet and confer regarding possible stipulations to the authenticity and admissibility of proposed exhibits by June 8, 2026.

**19a.** By June 8, 2026, the parties shall serve and file statements designating excerpts from depositions (specifying the witness and page and line referred to) to be used at trial other than for impeachment or rebuttal.

  **b.** Statements counter-designating other portions of depositions or any objections to the use of depositions shall be served and filed by June 15, 2026.

**20.** By June 8, 2026, each party shall serve and file a trial brief on all significant disputed issues of law, including foreseeable procedural and evidentiary issues, setting forth briefly the party's position and the supporting arguments and authorities.

**21.** By June 15, 2026 the parties shall file any objections to the admissibility of exhibits. Copies of any exhibits to which objections are made shall be attached to the objections.

**22a.** The original set of exhibits and two copies (all in binders) and a list of all exhibits shall be submitted to the Court by June 22, 2026.

  **b.** A thumb drive of all exhibits shall be submitted to the Court by June 22, 2026.

**23.** The parties shall prepare in writing and submit to the Court any special voir dire inquiries they wish the judge to ask the jury panel.

**24.** The parties shall confer in advance of trial for the purpose of preparing an agreed upon special verdict form, if a special verdict form is to be requested. The agreed upon

special verdict form shall be submitted to the Court. In the event of disagreement, the parties shall submit all proposed special verdict forms to the Court.

25.      The parties shall confer in advance of trial for the purpose of preparing an agreed upon concise statement of the case that may be read by the trial judge to the jury during voir dire. The agreed upon concise statement of the case shall be submitted to the Court. In the event of disagreement, the parties shall submit all proposed concise statements of the case to the Court.

26.      Jury instructions shall be prepared in accordance with LR 51.1 and submitted to the Court.

27.      All submissions to the Court required by paragraphs 24 and 26 shall be made by June 15, 2026. All submissions to the Court required by paragraphs 23 and 25 shall be made by June 8, 2026.

28.      A final pretrial conference shall be held on June 15, 2026, at 10:00 AM in Aha Kanawai before the Honorable Jill A. Otake, United States District Judge.

29.      (RESERVED)

**OTHER MATTERS:**

An Early Settlement Conference is set for July 23, 2025 at 2:00 PM by VTC before Magistrate Judge Wes Reber Porter. The Court will provide details regarding VTC access prior to the conference date. Confidential Settlement Statements shall be emailed to porter_orders@hid.uscourts.gov by July 16, 2025.

The parties are directed to consult Magistrate Judge Wes Reber Porter's Standing Order Regarding Settlement Conferences, available on the Court's public website, regarding the format of the confidential settlement conference statement and settlement conference procedures.

Telephonic hearings before Magistrate Judge Wes Reber Porter, will be held via Zoom Dial: **1-833-568-8864** / Meeting ID: **161 0084 2470**. Parties must connect to the conference at least five (5) minutes prior to the scheduled start time of the hearing.

The parties are directed to review the *General Civil Case Procedures Before Judge Otake* available on the court's website.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 24, 2025.



Wes Reber Porter
United States Magistrate Judge

Adam Marques vs. Joaquin Ibarguen; 1:25-CV-00079-JAO-WRP; Rule 16 Scheduling Order

# **NOTICE TO PRO SE LITIGANTS**[1]

This notice is applicable only if a timely motion for summary judgment is made. Defendant(s) may move for summary judgment on dispositive issues pursuant to Rule 56 of the Federal Rules of Civil Procedure by which Defendant(s) seek to have some or all your claims dismissed and judgment entered against you. When a motion for summary judgment on a dispositive issue is timely filed, Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules for the District of Hawaii ("Local Rule" or "LR") apply. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case as to the claims addressed in the motion.

A motion for summary judgment must be filed before the dispositive motions deadline set forth by the Rule 16 Scheduling Order. Rule 56 explains how to oppose a motion for summary judgment in the event such a motion is timely filed. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.

When a party you are suing makes a motion for summary judgment that is properly supported by declarations or other sworn testimony, you cannot simply rely on what your complaint says. Instead, you must set out specific facts in the record, including depositions, documents, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, as provided in Rule 56(c), or comply with Rule 56(d), to contradict the facts shown in the other party's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, the court will enter judgment against you and there will be no trial.

All parties, pro se or not, must comply with the Local Rules. Local Rule LR56.1 sets out the local requirements for summary judgment motions and oppositions to such motions. LR56.1(e) requires that any party who opposes the motion for summary judgment shall file and serve with his or her opposing documents a separate document containing a single concise statement that admits or disputes the facts set forth in the movant's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

When preparing the separate concise statement, you must reference only the material facts that are absolutely necessary for the court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall

contain a citation to a particular affidavit, deposition, or other document that supports your interpretation of the material fact. Documents referenced in the concise statement shall not be filed in their entirety. Instead, you shall extract and highlight only the relevant portions of each referenced document, but shall ensure that enough of a document is attached to put the matter in context. The concise statement shall be no longer than five (5) pages.

When resolving motions for summary judgment, the court has no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statement.

---

[1] Notice to all pro se litigants regarding the consequences and requirements of a summary judgment motion is not required. See United States v. Ninety Three Firearms, 330 F.3d 414 (2003) (some circuits provide notice of the consequences of a summary judgment motion and the requirements of the summary judgment rule to all pro se litigants). However, the Court provides this notice to ensure that pro se litigants are aware of the complex procedural issues involved in summary judgment proceedings. See Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 846 (9th Cir. 2004) (citing Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir. 1984)).